UNITED STATES DISTIRCT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALYA BALDWIN and TERRI BOTTCHER, as heirs of Tavia Baldwin,<br><br>Plaintiffs,<br><br>v.<br><br>TRIPLE S TRUCKING CO., INC.; CARL FISH; JERRY SANDEL; JASON SANDEL; MICHELLE SANDEL; and JOHN DOES 1–10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO EXTEND THE TIME TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS AND DENYING REQUEST FOR SANCTIONS (DOC. NOS. 24 AND 29)**<br><br>Case No. 2:24-cv-00116<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs filed this case in Utah state court against Triple S Trucking Co., Inc., Carl Fish, Jerry Sandel, Jason Sandel, and Michelle Sandel.[1] Defendants removed the case to federal court.[2] Plaintiffs are the surviving heirs of Tavia Baldwin, who was killed in a collision with a Triple S semi-truck driven by Mr. Fish.[3] Jerry, Jason, and Michelle Sandel ("the Sandel Defendants") are Triple S's President, Vice President, and Secretary.[4] Plaintiffs bring wrongful death claims against Mr. Fish and Triple S ("the

---

[1] (*See* Notice of Removal, Doc. No. 2.)

[2] (*Id.*)

[3] (*See* Ex. 1 to Notice of Removal, Compl. ("Compl.") ¶ 1, Doc. No. 2-1.)

[4] (*See id.* ¶¶ 13–15.)

1

Triple S Defendants"), and allege the Sandel Defendants failed to ensure Mr. Fish and the truck complied with federal safety laws.[5]

The Triple S Defendants have filed a motion to stay discovery for all defendants until the Sandel Defendants' pending motion to dismiss is resolved.[6] The Triple S Defendants also seek sanctions, arguing Plaintiffs' counsel violated the Utah Standards of Professionalism and Civility by refusing to grant a discovery extension.[7] As explained below, a discovery stay is warranted as to the Sandel Defendants, but is unjustified as to the Triple S Defendants. And because both parties' counsel have behaved unprofessionally, Defendants' request for sanctions is denied.

## PROCEDURAL BACKGROUND

In their original motion, the Triple S Defendants sought to extend the time to respond to discovery requests until after the court rules on the Sandel Defendants' motion to dismiss.[8] Because it was unclear whether the motion sought to stay discovery responses as to all defendants or merely as to the Sandel Defendants, the

---

[5] (*See id.* ¶¶ 45–166.)

[6] (Defs.' Short Form Disc. Mot. to Extend/Postpone the Time to Serve Written Resps. to Pls.' Disc. Reqs. and Req. for Sanctions Against Pls.' Att'y ("Mot."), Doc. No. 24.) The Defendants who did not file the discovery motion later joined the motion. (Sandel Defs.' Joinder to Triple S Trucking Co. Inc.'s and Carl Fish's Short Form Disc. Mot. and Br. in Supp. of Mot. to Stay Disc. and Sanctions ("Sandel Defs.' Joinder to Mot."), Doc. No. 29.)

[7] (Mot. 2–3, Doc. No. 24.)

[8] (*Id.* at 1.) In their pending motion to dismiss, the Sandel Defendants argue Plaintiffs have no private right to enforce federal safety standards, the Sandel Defendants had no duty to Plaintiffs, and any possible duty or breach by the Sandel Defendants was only in their capacity as agents of Triple S. (Mot. to Dismiss Defs. Jerry Sandel, Jason Sandel, and Michelle Sandel, Doc. No. 13.)

court ordered supplemental briefing.[9]  In their supplemental brief, the Triple S Defendants explain they seek to stay all discovery as to all defendants, pending resolution of the Sandel Defendants' motion to dismiss.[10]  The Sandel Defendants also filed a motion seeking the same relief, incorporating by reference the Triple S Defendants' motion and supplemental brief.[11]  Defendants argue the Sandel Defendants should not be subjected to discovery pending a ruling on their motion to dismiss.[12]  And they contend discovery should also be stayed as to the Triple S Defendants because Plaintiffs' discovery requests to these defendants refer to and request information from the Sandel Defendants.[13]  Finally, Defendants seek attorneys' fees incurred in bringing their motions, as a sanction for Plaintiffs' counsel's alleged violation of the Utah Standards of Professionalism and Civility.[14]

In their opposition, Plaintiffs argue discovery should not be stayed as to the Triple S Defendants, who have not filed a motion to dismiss.[15]  Plaintiffs also contend the discovery requests sent to the Triple S Defendants do not target (or even mention) the Sandel Defendants, and the same information (information about "Triple S's operation,

---

[9] (*See* Docket Text Order for Suppl. Briefing, Doc. No. 26.)  The court also noted Defendants did not identify what sanctions they seek.  (*Id.*)

[10] (Triple S. Trucking Co., Inc.'s and Carl Fish's Br. in Supp. of Mot. to Stay Disc. and Sanctions ("Suppl. Br.") 1–3, Doc. No. 28.)

[11] (Sandel Defs.' Joinder to Mot., Doc. No. 29.)

[12] (Suppl. Br. 1–3.)

[13] (*Id.* 3–5.)

[14] (*Id.* at 5–6.)

[15] (Pls.' Mem. in Opp'n to Mot. to Stay Disc. and Sanctions ("Opp'n") 4, Doc. No. 31.)

practices, and response to the collision") would be sought regardless of whether the Sandel Defendants were dismissed as parties to the case.[16]  Lastly, Plaintiffs argue sanctions are unwarranted, claiming their counsels' conduct was justified.[17]

## ANALYSIS

A court has "broad discretion to stay proceedings as an incident to its power to control its own docket."[18]  A court may use this discretion to stay an action "to provide economy of time and effort for itself and for counsel and litigants appearing before the court."[19]  The party seeking a stay "must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party."[20]  As explained below, Defendants have only justified staying discovery as to the Sandel Defendants, and sanctions are unwarranted.

**I.     Discovery should be stayed as to the Sandel Defendants.**

Defendants argue discovery should be stayed as to the Sandel Defendants pending the resolution of these Defendants' pending motion to dismiss.[21]  Plaintiffs do

---

[16] (*Id.* at 4–5.)

[17] (*Id.* at 1–4.)

[18] *Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, No. 12-01299, 2015 U.S. Dist. LEXIS 179972, at *4 (D.N.M. Mar. 31, 2015) (unpublished); *see also Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[19] *Seed Rsch. Equip. Sols., LLC. v. Gary W. Clem, Inc.*, No. 09-01282, 2012 U.S. Dist. LEXIS 85074, at *6 (D. Kan. June 20, 2012) (unpublished) (internal quotation marks omitted).

[20] *Creative Consumer Concepts Inc., v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal quotation marks omitted).

[21] (*See* Suppl. Br. 2–3, Doc. No. 28.)

not address whether a stay of discovery as to these Defendants is appropriate.[22] Delaying discovery until a pending dispositive motion is resolved is "well within" a district court's discretion.[23] Because requiring the Sandel Defendants to engage in discovery while they have a pending motion to dismiss risks unnecessary costs for both parties, and Plaintiffs have not objected as to a stay for these defendants, discovery is stayed as to the Sandel Defendants pending resolution of the motion to dismiss. If the motion to dismiss[24] is denied in part or in full, the parties shall submit a proposed amended scheduling order as to the Sandel Defendants within fourteen days.

## II. Defendants have failed to establish discovery should be stayed as to the Triple S Defendants.

While a discovery stay is justified as to the Sandel Defendants, who are awaiting resolution of their motion to dismiss, Defendants have failed to establish this stay should apply to the Triple S Defendants. Defendants' only argument in support of staying discovery deadlines for the Triple S Defendants relates to the Sandel Defendants. Specifically, Defendants argue Plaintiffs' discovery requests to the Triple S Defendants are impermissibly "targeted" at the Sandel Defendants, who should not be forced to engage in discovery while their motion to dismiss is pending.[25] In other words, Defendants contend "Plaintiffs' attempt to send out discovery requests to [the Triple S

---

[22] (*See generally* Opp'n, Doc. No. 31.)

[23] *Nolan v. United States Dep't of Just.*, 973 F.2d 843, 849 (10th Cir. 1992).

[24] (*See* Doc. No. 13.)

[25] (Suppl. Br. 3–5, Doc. No. 28.)

5

Defendants] is an attempt to implicate the Sandel Defendants in this litigation by clandestinely involving them in the discovery."[26]

In response, Plaintiffs explain they issued standard "motor carrier" discovery requests to Triple S.[27] According to plaintiffs, regardless of whether the Sandel Defendants are dismissed as parties to the litigation, if they are knowledgeable on the discovery topics (as Triple S's officers and managers), they may be required to respond or participate on behalf of Triple S.[28] Plaintiffs note none of the Sandel Defendants are mentioned in the discovery requests.[29] Rather, Plaintiffs' discovery requests merely seek information about, for example, who maintained or repaired the semi-truck, who was responsible for ensuring the semi-truck and its driver complied with safety regulations, and who was first notified of the collision.[30]

At the outset, Plaintiffs are correct—if the Sandel Defendants, as officers or managers of Triple S, possess the information properly requested from Triple S, they must assist with responding to those discovery requests, regardless of whether they are parties. Because of this, the pendency of the Sandel Defendants' motion to dismiss does not justify a stay of written discovery as to Triple S. The discovery requests appear facially reasonable. And Defendants provide no support for their suggestion that

---

[26] (*Id.* at 3.)

[27] (Opp'n 4, Doc. No. 31.)

[28] (*Id.* at 4–5.)

[29] (*Id.* at 4.)

[30] (*Id.* at 4–5; *see also* Ex. 2 to Mot., Pls.' First Set of Disc. to Triple S Trucking Co., Inc. 3–4, Doc. No. 24-2.)

the discovery requests to Triple S are an impermissible, covert attempt to seek discovery from the Sandel Defendants.[31]  Other than asserting the requests are "broad in timing" and seek information in the possession of Triple S's officers or managers, Defendants make no argument in support of a stay for the Triple S Defendants.

Where Defendants have provided no legitimate reason to delay discovery as to the Triple S Defendants, and Plaintiffs are entitled to discovery regarding the collision (regardless of whether the Sandel Defendants possess this information or whether they are dismissed as parties to this action) the motion for a stay is denied as to the Triple S Defendants.[32]

### III.     Sanctions are unwarranted.

In their original motion, Defendant outlined a disagreement between each side's counsel in this case.  Specifically, Defendants' counsel requested a two-week discovery extension because his "client[ ] is out of the country."[33]  Plaintiffs' counsel asked which client was out of the country, since Plaintiffs' discovery requests were sent to multiple

---

[31] Defendants also contend Plaintiffs' request for medical and drug records from Mr. Fish suggests "Plaintiffs intend for the Sandel Defendants to assist with responding to the discovery requests."  (Mot. 4–5, Doc. No. 28.)  But Mr. Fish's records are central to the complaint—Plaintiffs allege Mr. Fish illegally and negligently possessed and used narcotics while driving the semi-truck, and Triple S hired Mr. Fish knowing he had been previously convicted for driving under the influence of narcotics and had a medical condition requiring him to take narcotics.  (*See* Compl. ¶¶ 1, 24, 91, 141, Doc. No. 2-1.)  Discovery requests regarding Mr. Fish's medical and drug history do not support an inference that Plaintiffs propounded such discovery to burden the Sandel Defendants.

[32] This outcome may be different if, for example, the Triple S Defendants had provided evidence of an undue burden or redundancy stemming from the need to depose the same witness twice if discovery were allowed to proceed.  But the motion addresses and relates to written discovery only.

[33] (Ex. 3 to Mot., Email Correspondence, Doc. No. 24-3.)

defendants, and it was unclear whether one or multiple clients were abroad.[34]  From there, the conversation descended into a contentious quarrel where counsel for each side cast doubt on the other's motives and exchanged personal insults.[35]  As a sanction for Plaintiffs' counsel's conduct, Defendants seek attorney's fees incurred in filing the motion to stay discovery.[36]

All attorneys practicing in this court must comply with the Utah Standards of Professionalism and Civility.[37]  This includes refraining from attributing "improper motives, purpose, or conduct" to other counsel without factual basis, agreeing to reasonable extension requests, and most importantly, "exhibit[ing] courtesy, candor, and cooperation."[38]  The emails attached to Defendants' motion raise questions about the compliance of counsel for both sides with these basic, foundational standards of civility and professionalism.  Where both parties' conduct pushes the lines of the Utah Standards of Professionalism and Civility, Defendants' request for sanctions is denied.[39]

---

[34] (Ex. 4 to Mot., Email Correspondence, Doc. No. 24-4; see also Opp'n 2, Doc. No. 31 ("[T]he email referred to 'clients' plural, but 'is' refers to a singular client, so it was ambiguous as to whether just one client was out of town and, if so, there would be no need to delay the response for a client who was not out of town.").)

[35] (See Ex. 5 to Mot., Email Correspondence, Doc. No. 24-5.)

[36] (Mot. 2–3, Doc. No. 24; Suppl. Br. 5–6, Doc. No. 28.)

[37] DUCivR 83-1.1(d)(1).

[38] Utah Standards of Professionalism and Civility, Preamble, Rules 3, 14, available at https://www.utcourts.gov/en/about/courts/sup/civility.html [https://perma.cc/CP3C-NR53] ("Conduct that may be characterized as uncivil, abrasive, abusive, hostile, or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently.").

[39] To the extent Defendants' request for fees could be construed as a fee request under Rule 37 of the Federal Rules of Civil Procedure, the court denies the request—each party is apportioned its own fees and costs.  See Fed. R. Civ. P. 37(a)(5)(C) (providing

More is required and expected of counsel for both sides.  Going forward, all counsel must comply with both the letter and intent of all professionalism and civility rules—at every step and in each communication.

## CONCLUSION

Although a stay of discovery as to the Sandel Defendants is justified, Defendants have failed to establish the need for a stay as to the Triple S Defendants.  Accordingly, Defendants' motions[40] are granted in part and denied in part.  Discovery is stayed as to the Sandel Defendants,[41] but shall continue as to the Triple S Defendants, and Defendants' request for sanctions is denied.  If the Sandel Defendants' motion to dismiss[42] is denied in part or in full, the parties shall submit a proposed amended scheduling order as to the Sandel Defendants within fourteen days.

DATED this 13th day of June, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

a court "may" apportion reasonable expenses where a motion is granted in part and denied in part).

[40] (Doc. Nos. 24, 29.)

[41] As stated above, if the pending motion to dismiss (Doc. No. 13) is denied in part or in full, the parties shall submit within fourteen days a proposed amended scheduling order with discovery deadlines for the Sandel Defendants.

[42] (*See* Doc. No. 13.)