IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AYLA BALDWIN, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>TRIPLE S TRUCKING CO., INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:24-CV-00116-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion to Dismiss Defendants Jerry Sandel, Jason Sandel, and Michelle Sandel [ECF No. 13]. On June 27, 2024, the court held a hearing on the motion. At the hearing, Brent Gordon represented Plaintiff, and Joel D. Taylor represented Defendant. The court took the matter under advisement. Now being fully informed, the court issues the following Memorandum and Decision.

## BACKGROUND

Plaintiffs filed this wrongful death claim against Carl Fish ("Fish"), a truck driver, and Triple S, the trucking company that employs Fish and owns the truck and trailer Fish was operating. Plaintiffs also sued the officers of Triple S, Jason Sandel, Jerry Sandel, and Michelle Sandel (collectively, "Defendants"). The Defendants seek dismissal of Plaintiffs' claims that are rooted in "direct negligence, negligence per se, strict liability and punitive damages because these allegations fail to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure against the Sandels in their individual capacity." [ECF No. 13].

Triple S is a motor carrier engaged in interstate operations that carries, among other things, machinery, large objects, liquids/gases, and oilfield equipment. Late at night on December 18, 2021, Fish, an employee of Triple S, illegally operated Triple S's vehicle while in possession of morphine, below the minimum speed limit, and without mandated safety equipment such as reflectors and lamps. Fish was pulling a 53-foot-long flatbed trailer on Interstate 70 in Utah that was transporting a pipe wrangler.

Plaintiff Tavia was a commercial vehicle operator who was operating her vehicle at a safe and legal speed. She crashed into the rear of the unmarked extended load protruding from the rear of the Triple S trailer and was instantly killed. As a result of this accident, Tavia's survivors brought this wrongful death action. Defendants then filed this motion, arguing that Jerry Sandel, Jason Sandel, and Michelle Sandel (for purposes of this motion, "Defendants") should be dismissed from the action.

## DISCUSSION

Defendants make the false representation that Plaintiffs filed claims for "negligence per se," "strict liability," and "alter ego" against them. Plaintiffs filed a state statutory wrongful death claim against Defendants. A wrongful death claim is a statutorily created claim because there was no right of action under common law for wrongful death. *See Feldman v. Salt Lake City Corp.*, 2021 UT 4, ¶ 17. The Utah Constitution provides that "the right to recover damages for injuries resulting in death, shall bever be abrogated." *Id*. (citing UTAH CONST. art. XVI, § 5). Given this constitutional protection, "wrongful death occupies a position of privilege among torts." *Id*.

Utah's wrongful death statute provides that "when the death of a person is caused by the wrongful act or neglect of another, his heirs . . . may maintain an action for damages against the

person causing the death." Utah Code. Ann. § 78B-3-106(1). Alya Baldwin, Tavia Baldwin's daughter, and Terri Bottcher, Tavia Baldwin's mother, are heirs of Tavia Baldwin and have the right to pursue damages for her wrongful death under Utah's wrongful death statute.

Plaintiffs pled all four elements of a negligence claim to support their statutory wrongful death claim: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Hunsaker v. State*, 870 P.2d 893, 897 (Utah 1993). Here, Plaintiffs allege that Defendants owed a duty to Plaintiff Tavia. Congress explicitly designed the Federal Motor Carrier Safety Act ("FMSCA") to ensure that the proverbial buck stopped with those who could actually ensure that semi-trucks operating on public highways comply with basic safety regulations. As a result, officers have a duty under the Federal Motor Carrier Safety Regulations ("FMCSRs") to ensure that the company's equipment is safe and its drivers safely operate the equipment. Here, control over the company's operations is very high because Defendants are family members who are the officers, directors, and owners of Triple S, a closely held corporation. As such, they have total and exclusive control over the operations and management of the company.

Furthermore, the general rule in Utah is that safety laws can create duties owed to others who are within the class or persons intended to be protected by the safety laws and that violation of those laws is prima facie evidence of negligence. The Tenth Circuit has found that negligence "includes violations of the Federal Motor Carrier Safety Regulations." *Federick v. Swift Transp. Co.*, 616 F.3d 1074, 1080 (10th Cir. 2010).

Plaintiffs Complaint sets forth detailed factual allegations that, when taken as true, establish that Defendants owed both a common law duty to act with reasonable care and duties under the FMCSRs to Tavia, and that they breached these duties.

I. Plaintiffs properly pled punitive damages.

The Utah Supreme Court has explained that a claim for punitive damages is not an independent cause of action but rather a remedy for tortious conduct. *See Norman v. Arnold*, 2022 UT 81, ¶ 35. Punitive damages are available under Utah law when "the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others." Utah Code Ann. § 78B-8-201(1)(a).

In another case cited by Defendants, the Utah Supreme Court noted that Utah's punitive statute provided two types of conduct that justify an award of punitive damages "(1) 'willful and malicious or intentionally fraudulent conduct' or (2) 'a knowing and reckless indifference toward, and disregard of, the rights of others." *Daniels v. Gamma West Brachytherapy, LLC*, 2009 UT 66, ¶ 41. The second type of conduct, "knowing and reckless indifference," requires proof that "the tortfeasor knew of a substantial risk and proceeded to act or failed to act while consciously ignoring that risk." *Id*. at ¶ 42.

Here, Plaintiffs satisfied this requirement because they allege Defendants knew of and were indifferent to the dangers presented by their decision to manage and operate a federal motor carrier without ensuring that the vehicles that they use in their operations are safe to operate and comply with federal and state safety laws and that their drivers are instructed on and comply with federal safety laws.

II. Inadmissible hearsay can be referenced to in the Complaint.

Plaintiffs are not required to prove their case at this procedural stage, but rather only need to plead facts to support their claims. When considering a motion to dismiss, the court must

construe a complaint in the light most favorable to the plaintiff, taking all factual allegations contained in the complaint as true. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). Plaintiffs' Complaint contains well-pled facts, and the fact that some of those facts might be dependent on inadmissible hearsay is not something the court takes under consideration at this time.

## CONCLUSION

For the reasons stated, the court DENIES Defendants' Motion to Dismiss Defendants Jerry Sandel, Jason Sandel, and Michelle Sandel.

DATED this 1st day of August 2024.

BY THE COURT:

DALE A. KIMBALL
United States District Judge